IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 15, 2018 Session

## DERWOOD STEWART v. ARMTECH INSURANCE SERVICE, INC.

Appeal from the Chancery Court for Warren County
No. 12284    Larry B. Stanley, Jr., Chancellor

———————————————————————

### No. M2017-01299-COA-R3-CV

———————————————————————

A farmer who participated in the federal crop insurance program appeals the trial court's confirmation of an arbitration award given when he was retroactively determined to be ineligible to participate in the program for failure to pay the premium and, as a consequence, was required to repay the payment he had received for a loss sustained under another policy. The arbitrator held that the contract upon which the claim was paid was void and that the insurance company was entitled to recover the amount paid on the claim. The trial court affirmed the arbitrator's award, and the policyholder appeals. Finding no basis upon which to conclude that the arbitrator exceeded its authority, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Brian O. Bowhan, Smyrna, Tennessee, for the appellant, Derwood Stewart.

Jeffrey S. Dilley, Clarksdale, Mississippi, for the appellee, Armtech Insurance Service, Inc.

### OPINION

This case involves crop insurance provided to farmers and ranchers pursuant to the Federal Crop Insurance Act, 7 U.S.C. §1501 *et. seq*. Section 1503 of the Act created the Federal Crop Insurance Corporation ("FCIC"), which administers the crop insurance program and regulates the private sector insurance companies that sell and service the multiple peril crop insurance ("MCPI") policies. The FCIC is supervised by the United States Department of Agriculture's Office of Risk Management, 7 U.S.C. § 6933, which

is authorized to administer the program on behalf of FCIC. 7 C.F.R. § 400.701. The FCIC pays a portion of the yearly policy premium, leaving the remainder for the farmer to pay. Per the FCIC's regulations in effect at the time period relevant in this case, failing to pay the premiums caused all policies in which the farmer is the sole insured to be void until the delinquency was paid. *See* 7 C.F.R. §400.681 (2010).

Derwood Stewart is a farmer who does business as Stewart Nursery and Farms in Warren County. According to the allegations of the complaint, he had purchased crop insurance through an insurance agency not a party to this suit in 2009, but did not pay the full premium for the policy. He subsequently purchased crop insurance from Armtech Insurance Services, Inc. ("Armtech") for 2010 and 2011; at issue in this case is the policy he purchased for crop year 2010. The premium for that policy was $44,251, of which the federal government's portion was $26,998, and Mr. Stewart's was $17,568.80. When he suffered a loss that year, Armtech paid Mr. Stewart $42,708 for his loss, which represented the crop loss of $58,159.00, less the balance of his premium due of $12,699.68.[1]

In 2012, Mr. Stewart was denied eligibility to purchase crop insurance for that year due to his failure to pay the premiums for his 2009 crop insurance; upon learning that he was not eligible, he paid the balance of the 2009 premium. Mr. Stewart was also informed that he would be ineligible to participate in the federal crop insurance program until he repaid the payment he had received for his loss in 2010. Armtech initiated efforts to recover the entire amount it paid to Mr. Stewart in 2010.

Mr. Stewart filed a declaratory judgment action in Warren County Chancery Court on February 28, 2014, seeking a declaration that Armtech was not due a refund because the insurance contract entered into for the 2010 crop year was valid, that he had been compensated for his loss in accordance with the contract, and that the parties' becoming aware that he was ineligible to participate in the crop insurance program after the payment was made was irrelevant. In the alternative, he asked that if the court held that the contract was void, that the premiums paid be used to set off any refund due, which would result in no money being due to Armtech.

On May 1, 2014, the court granted the parties' motion to stay the action while they participated in arbitration, as required by the crop insurance policies.[2] The case was

---

[1] The arbitrator's decision references as the source of these figures to be Mr. Stewart's Statement of the Case and Exhibit 8, neither of which is in the record before us. We assume that the mathematical discrepancy is explained in one or both of those documents; in any event, no issue is raised on appeal regarding the amount paid Mr. Stewart.

[2] The record in this appeal does not include a copy of the crop insurance policy; the language of the standard MCPI contract is contained in 7 C.F.R. § 457.8.

submitted to the arbitrator to decide "whether [the 2010] policy is void, and, if so, whether Armtech is entitled to a return of net benefits paid to Stewart in the amount of $42,708, plus interest." The arbitrator issued a decision determining that the 2010 contract was void and that Armtech was entitled to recover the sum of $42,708 plus interest, for a total of $52,146.78. Of particular importance to Mr. Stewart's argument on appeal, the arbitrator held that "[t]he parties have agreed, by the express terms of their contract, to be bound by the Federal Crop Insurance Act (7 USC 1501 et seq.) and the regulations promulgated thereunder" and that the contract was "to be interpreted and enforced in accordance with the Federal Crop Insurance Act [ ] and regulations promulgated thereunder."[3]

Mr. Stewart filed a Motion to Vacate the Arbitrator's Decision, arguing that "the arbitrator exceeded his power by awarding defendant a judgment under federal law where federal law did not confer defendant the right to a judgment" but only "prohibited Mr. Stewar[t] from further participation in the crop insurance program until said amount is paid." Armtech moved to confirm the arbitration award. A hearing on the motions was held on May 22, 2017; finding no evidence that the arbitrator exceeded or abused his power, the trial court affirmed the award. Mr. Stewart appeals.

Mr. Stewart argues that "the arbitrator exceeded his power by awarding defendant a judgment under federal law where federal law did not confer defendant the right to a judgment." The regulation at issue, however, provides that "any indemnities or payments made on a voided policy, or on the portion of the policy reduced because of ineligibility, will be declared overpayments and *must be repaid*." 7 C.F.R. 400.681(b)(5) (2010) (emphasis added). In addition, the language of the standard MCPI contract, as contained in 7 C.F.R. § 457.8, contemplates the entry of an award in arbitration and that interest will accrue on such an award.[4] Mr. Stewart's argument is without merit.

---

[3] Mr. Stewart raises no issue with respect to these rulings.

[4] Section 20 of the standard MCPI contract is titled "Mediation, Arbitration, Appeal, Reconsideration, and Administrative and Judicial Review." 7 C.F.R. 457.8. Subsection (a) provides as follows:

> If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in sections 20(c) and (f), and unless rules are established by FCIC for this purpose. Any mediator or arbitrator with a familial, financial or other business relationship to you or us, or our agent or loss adjuster, is disqualified from hearing the dispute.
>
> * * *
>
> (2) Unless the dispute is resolved through mediation, the arbitrator must provide to you and us a written statement describing the issues in dispute, the factual findings, the

3

Pursuant to Tennessee Code Annotated section 29-5-313(a)(3)(C), an arbitrator's award is to be vacated "where the arbitrators exceeded their powers"; this is the statute upon which Mr. Stewart relied in the court below and which he asserted at oral argument established the basis of his claim of error in the arbitrator's ruling.[5] The arbitrator's decision was in accordance with the regulations applicable to the crop insurance program and the insurance contract. Mr. Stewart has failed to establish that the arbitrator exceeded its authority. Accordingly, we affirm the trial court's judgment affirming the arbitration award.

_____
RICHARD H. DINKINS, JUDGE

---

determinations and the amount and basis for any award and breakdown by claim for any award. *The statement must also include any amounts awarded for interest.* Failure of the arbitrator to provide such written statement will result in the nullification of all determinations of the arbitrator. All agreements reached through settlement, including those resulting from mediation, must be in writing and contain at a minimum a statement of the issues in dispute and the amount of the settlement.

*Id.* (emphasis added).

[5] Tennessee Code Annotated section 29-5-313(a)(1) provides:

(a)(1) Upon application of a party, the court shall vacate an award where:

(A) The award was procured by corruption, fraud or other undue means;
(B) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
(C) The arbitrators exceeded their powers;
(D) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to § 29-5-306, as to prejudice substantially the rights of a party; or
(E) There was no arbitration agreement and the issue was not adversely determined in proceedings under § 29-5-303 and the party did not participate in the arbitration hearing without raising the objection.